NEW JERSEY JUNCTION RAILROAD COMPANY v. MAYOR AND ALDERMEN OF JERSEY CITY.

Argued June 8, 1903—Decided November 9, 1903.

1. The former judgment of this court that certain property was used for railroad purposes and was taxable as such by the state board of assessors for the taxes assessed for the year 1896, coupled with undisputed testimony in the present case that there has since been no change in the railroad use of such property, is, under the doctrine of *res judicata*, conclusive upon the parties with respect to the taxes levied for the years 1897 to 1902, inclusive, upon the same property.

. 2. *Quære.* Whether a party to such former judgment may show that the issue then litigated was the existence of a present intention to use the property for railroad purposes in the immediate future, and not the actual user thereof.

---

On application for summary determination as to certain lands which have been assessed by the local authorities of the taxing district of Jersey City, and also assessed by the state board of assessors as property used for railroad purposes, for the years 1897 to 1902, inclusive.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the appellant, *Vredenburgh, Wall & Van Winkle.*

For the state, *Robert H. McCarter,* attorney-general.

For Jersey City, *Robert Carey* and *George L. Record.*

The opinion of the court was delivered by

GARRISON, J.  This is an application to have the Supreme Court determine whether or not the property known as "Plot 29, in Block 545, in Jersey City," should have been assessed, for the years 1897 to 1902, inclusive, by the local taxing authorities or by the state board of assessors.  This precise issue between these same parties was adjudicated as to the taxes for the year 1896 in the case reported in 34 *Vroom* 120.  It is contended, on behalf of Jersey City, that this prior decision is not conclusive—that is to say, that the doctrine of *res judicata* does not apply, because (I quote from the brief of counsel) "the question presented to the Supreme Court in that case and the case that was actually determined in that case, was whether or not, at the time referred to in the case, to wit, in 1896, the property in question was being held by the railroad company with a present manifest intention for its future use for railroad property.  The court found that the evidence presented justified the conclusion that at that time there was a manifest intention to hold the property for railroad purposes."

It is needless to enter upon the questions opened up by this contention, for the reason that the record of the former judgment, which is in proof before us, shows that what was then adjudicated was "that the property in question is property used for railroad purposes," and the undisputed testimony upon the present litigation is that, since 1896, there have been no changes in the use of the property excepting that a tool-house had been erected on it by the railroad compnay. Whether the city would be permitted to show by competent proof the facts upon which the argument of its counsel is based, cannot now be decided, for such proof was not offered. All that was put in evidence was the judgment record, which, being to the effect just stated, is conclusive upon the parties as the matter now stands. *Comptroller* v. *Singer Manufacturing Co.,* 33 *Vroom* 339.

The property for the years 1897 to 1902, inclusive, was taxed by the state board of assessors as property used for railroad purposes, and the taxes for those years assessed by the municipal authorities of Jersey City must be set aside.